UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH FITZGERALD NIXON,

    Petitioner,

v.

GREG McQUIGGIN,

    Respondent.
_____/

Case Number: 10-14652

HONORABLE AVERN COHN

**MEMORANDUM AND ORDER
OVERRULING PETITIONER'S OBJECTIONS (Doc. 9)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 8)
AND
DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
AND
DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kenneth Fitzgerald Nixon (Petitioner) is a state prisoner convicted of two counts of first degree felony murder, four counts of attempted murder, and arson in a dwelling. Petitioner is serving mandatory life for the murder convictions and terms of years for the other convictions. Petitioner's convictions arise from a firebombing of a home in Detroit in which two children were killed. The matter has been referred to a magistrate judge for a report and recommendation (MJRR).

The magistrate judge issued a MJRR recommending that the petition be denied for lack of merit. (Doc. 8). Before the Court are Petitioner's objections to the MJRR. (Doc. 9). For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

## II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III.

Petitioner makes several objections to the MJRR. None of them carry the day. Petitioner first objects because the magistrate judge used the facts set forth in the prosecutor's brief on appeal to the Michigan Court of Appeals. However, the magistrate judge used the factual recitation as background only. Thus, this objection lacks merit.

Petitioner then makes several objections (objections 2-5) related to a claim of actual innocence. As the magistrate judge carefully explained, to the extent Petitioner is

2

trying to raise an actual innocence claim, he cannot do so because it is not a cognizable independent claim. The magistrate judge also explained why the basis for Petitioner's innocence claim - newly discovered evidence - does not warrant habeas relief. Nothing in Petitioner's objections convince the Court that the magistrate erred in his assessment of Petitioner's actual innocence argument.

The remainder of Petitioner's objections (objections 6-14), essentially present the same arguments considered and rejected by the magistrate judge. The magistrate judge addressed all of Petitioner's claims on the merits[1] and fully explained why Petitioner is not entitled to habeas relief on any of them. The magistrate either found a claim failed on the merits, that it was procedurally defaulted, or not cognizable on habeas review. Nothing in Petitioner's objections convince the Court that the magistrate judge's analysis is incorrect. In short, the Court agrees with the magistrate judge that habeas relief is not warranted. The Court also agrees with the magistrate judge that Petitioner is not entitled to a certificate of appealability because reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or that they should proceed further. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IV.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Petitioner's application for writ of habeas corpus is DENIED.

---

[1] The magistrate judge declined to consider whether Petitioner's claims were barred by procedural default, concluding that judicial economy is best served by addressing the claims on the merits. The Court agrees with this approach under the circumstances.

3

A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 9, 2012, by electronic and/or ordinary mail.

      S/Julie Owens
      Case Manager, (313) 234-5160